UNITED STATES of America,
Appellee,

v.

Betty Ramsey KILGORE, Appellant.

UNITED STATES of America,
Appellee,

v.

William MORRIS, Appellant.

UNITED STATES of America,
Appellee,

v.

Manuel Ray SNELLING, Appellant.

Nos. 12007–12009.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1968.

Decided Nov. 6, 1968.

Certiorari Denied March 24, 1969.
See 89 S.Ct. 1204, 1213.

S. Strother Smith, III, Abingdon, Va.
(Court-appointed counsel), for appellant
William Morris.

Benjamin F. Sutherland, Dante, Va.
(Court-appointed counsel), for appellant
Betty Ramsey Kilgore.

Joseph M. Kuczko, Norton, Va. (Court-appointed counsel), for appellant Manuel Ray Snelling.

Robert S. Irons, Asst. U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

The defendants were convicted after a joint trial of passing counterfeit currency upon several counts in a joint indictment. We find no error in their conviction.

Because each defendant was not named in each of the counts, it is contended each was entitled to a separate trial. The testimony abundantly shows, however, that the three together visited restaurant after restaurant, between which they moved mostly by foot, negotiating, or attempting to negotiate, at each establishment one or more counterfeit twenty-dollar bills to cover such small purchases as a package of cigarettes, three beers for the trio or six cans of beer to take out. It is immaterial that the indictment did not contain a formal conspiracy count. Since the proof showed concerted action, the defendants were properly tried together, even though only that defendant who actually tendered each bill for negotiation was actually named in the count charging the negotiation of that bill. The third count of the indictment jointly charged the three with the attempted negotiation of one counterfeit bill.

Defendant Morris attempts to buttress his claim of right to a severance by alleging that a co-defendant would have corroborated his testimonial claim of unwitting receipt of the counterfeit currency in a poker game, if the two had not been tried jointly. Morris alleges that this co-defendant refused to testify in his behalf because of the prejudice which might have resulted from the introduction against him for impeachment purposes of his record of prior convic-

tions. It does not appear, however, that an adequate record was made below to sustain such a contention. It was nowhere demonstrated that the code-fendant was willing, at a separate trial, to corroborate Morris' story or that he would have done so in their joint trial if the court had limited the cross-examination. We cannot simply assume that the corroborative testimony would have been forthcoming if fear of revelation of the prior felony record had been removed. Morris' claim of right to severance is not strengthened by the allegation.

Complaint is also made of the introduction in evidence of five counterfeit twenty-dollar bills seized by a police officer from one of the defendants as the three prepared to enter their automobile after the negotiation of all of the other bills charged in the other counts of the indictment. We find no valid basis for objection to the receipt in evidence of these bills or to the conviction of their possessor for having them in his possession.

Within moments after the negotiation of some of the bills, their recipients became suspicious. Prompt reports were made to police headquarters. One of the recipients accompanied by several police officers in a police car went in search of the defendants in the area in which the bills had been negotiated and the defendants had been seen walking. The searching group came upon them as they were about to enter their automobile. The recipient of the bill accompanying the police promptly identified them. When the police dismounted from their car and approached the three defendants, one of them was seen to have some green paper in his hand. One of the police officers asked for it, and that defendant "voluntarily," in the words of that defendant, gave the five counterfeit bills in his hands to the police officer.

This was no unreasonable search. The police officials had called for experts to give their opinion as to the spuriousness of the bills and had

delayed a final determination of their own. At the same time, they knew questionable bills had been passed and the three defendants had been positively identified as the three who had done it. The officer acted with restraint when he asked what the one defendant had in his hand and then did no more than to request the three defendants to accompany him to the police station, which they did. The formal arrest was not made until after their arrival at the police station and experts had proclaimed their opinion that the bills were in fact counterfeit. The seizure, if it was in fact a seizure, was clearly an incident of the arrest.

The other assertions of error we find meritless.

Affirmed.